IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ANNIE L. MZYK | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. SA-14-CA-952 |
| | § | |
| NORTH EAST INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| Defendant | § | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Annie Mzyk brings this civil action against Defendant North East Independent School District, alleging discrimination in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623 and the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12102. The Defendant has filed a motion for summary judgment (Doc. No. 14). The Plaintiff has not filed a response to the motion. Having considered the motion, the Court finds that it should be granted.

**I.   Background**

Plaintiff Annie Mzyk is seventy-three years old. She has worked for the Defendant North East Independent School District for over twenty years. From 2007 until 2012, Plaintiff worked as a Level II Administrative Assistant to Rebecca Gossen, who was a Community Education Director and Senior Director. In 2012, Ms.

1

Gossen was promoted to Executive Director of Adult and Community Education, and Plaintiff was promoted to the position of Administrative Assistant to the Executive Director. As a result of the promotion, Plaintiff received an increase in pay and an increase in job responsibilities.

Plaintiff was diagnosed with leukemia in February 2011. On September 24, 2012, Plaintiff delivered a letter to Ms. Gossen from her physician, advising that she avoid close contact with the general public and requesting that she be relieved of her reception desk duties. After submitting this letter, Plaintiff asked Ms. Gossen for permission to work overtime in order to make up for time she might miss for doctor's appointments. She was informed that this was against District policy, and her request was denied.

On July 22, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming age discrimination, disability discrimination, and retaliation in connection with the denial of her overtime request. On July 23, 2013, she notified her supervisors that she would be hospitalized and would miss work during the week of July 29. Plaintiff returned to work on August 5, 2013, with letters from her doctors that noted she could not be around large groups of people. Plaintiff also gave Ms. Gossen

2

her own list of requested accommodations for her disabilities, which included needing to leave work every other day and being separated from sick individuals.

Plaintiff met with the District's administrators to discuss her requests and subsequently decided to take time off from work. Plaintiff's made a request for leave under the Family and Medical Leave Act ("FMLA") that was granted on August 7, 2013.

Plaintiff continued FMLA leave until the first week of October 2013. She returned to work on October 7, 2013, and began working four-day weeks, with the fifth day used for weekly clinic visits. Plaintiff worked four days a week until December 12, 2013, when she provided an updated doctor's note indicating she was able to return to working on a full time basis (five-day week).

On December 18, 2013, Ms. Gossen held a meeting with the Plaintiff and reminded her of the duties her job required. On January 3, 2014, Plaintiff filed an Amended Charge of Discrimination with the EEOC, alleging discrimination and retaliation because Defendant was attempting to force her to leave without pay and overloading her with work responsibilities. After this filing, Ms. Gossen noted deficiencies with Plaintiff's performance of her essential job functions and rated the Plaintiff's performance as "marginal" in

3

her annual performance appraisal for the 2013-2014 school year. This prompted Plaintiff to file a Second Amended Charge of Discrimination with the EEOC, alleging age discrimination, disability discrimination, and retaliation because she was given a poor evaluation by Ms. Gossen. By letter on July 30, 2014, the EEOC informed Plaintiff and North East Independent School District that it had completed its investigation of the Plaintiff's claims and was unable to conclude that unlawful discrimination or retaliation had occurred.

Plaintiff filed her complaint **pro se** on October 29, 2014. Defendant North East Independent School District has filed a motion for summary judgment, arguing that Plaintiff's age discrimination, disability discrimination, and retaliation claims fail as a matter of law.

## II. Applicable Law and Analysis

**Pro se** plaintiffs are held to a less stringent pleading standard than attorneys and their filings are entitled to a liberal construction, allowing all reasonable inferences that can be drawn from their pleadings. **Haines v. Kerner**, 404 U.S. 519, 521 (1972). Nevertheless, they must comply with the rules of civil procedure and make arguments capable of withstanding summary judgment. **Yazdchi v. Am. Honda Fin. Corp.**, 217 Fed. Appx. 299, 304 (5th Cir. 2007).

4

It is well established law in this jurisdiction that a court may not grant a "default" summary judgment simply because no response has been filed. **Eversley v. MBank of Dallas**, 843 F.2d 172, 174 (5th Cir. 1988). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion. **Id.** In the context of a summary judgment, the movant must still show there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. **Hetzel v. Bethlehem Steel Corp.**, 50 F.3d 360, 362 n. 3 (5th Cir. 1995). If the moving party fails to meet its initial burden, the court must deny the motion for summary judgment even if there is no response. **Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.**, 289 F.3d 373, 375 (5th Cir. 1995).

### A. Age Discrimination

The Plaintiff's claim under the ADEA fails as a matter of law. Establishing a prima facie claim under the ADEA requires the plaintiff to show four elements: (1) the plaintiff is a member of a protected class, (2) she is qualified for the positions, (3) she has been subjected to an adverse employment decision, and (4) she was replaced by someone younger or treated less favorably than similarly situated younger employees. **Smith v. City of Jackson, Miss.**, 351 F.3d 183, 196 (5th Cir. 2003).

Plaintiff has not provided any evidence regarding the fourth element of her claim. "Similarly situated" employees is defined narrowly; to establish disparate treatment, a plaintiff must demonstrate that an employee under "nearly identical" circumstances was treated differently. **Wheeler v. BL Dev. Corp.**, 415 F.3d 399, 406 (5th Cir. 2005). In her complaint, Plaintiff compares herself to three of her co-workers: Ms. Alvarez, Ms. Rodriguez, and Ms. Trevino. However, all three of these co-workers have different job duties than Ms. Mzyk. Doc. No. 14-10, Mzyk Dep. at p. 36:14-23. Plaintiff also has a higher pay rate than any of these three co-workers. Doc. 14-1, Gossen Affidavit at ¶¶ 5, 37-39. The court finds that Plaintiff is unable to make a prima facie age discrimination claim as a matter of law.

### B. Disability Discrimination

Plaintiff is also unable to establish a disability discrimination claim as a matter of law. In order to establish a prima facie case of disability discrimination, a plaintiff must show that (1) she is disabled, has a record of having a disability, or is regarded as disabled, (2) she is qualified for her job, (3) she was subjected to an adverse employment action on account of her disability or the perception of her disability, and (4) she was replaced by or treated less favorably than non-disabled employees. **Flanner v. Chase Inv.**

6

**Servs. Corp.**, 600 Fed. App'x 914, 922 (5th Cir. 2015). A disability discrimination claim also requires the Plaintiff to compare herself to similarly situated individuals. **Wilson v. City of Baton Rouge,** 327 Fed. App'x 497, 498 (5th Cir. 2009). As mentioned above, Plaintiff compares herself to three co-workers who are not similarly situated, due to differences in job responsibilities and pay. Thus, this Court finds that Plaintiff's disability discrimination claim fails.

### C. Retaliation

Plaintiff is unable to establish her retaliation claim as a matter of law. In order to make a prima facie showing of retaliation, a plaintiff must demonstrate that: (1) she participated in an activity protected under the ADA or the ADEA; (2) the employer took an adverse employment action; and (3) a "causal connection" or "causal link" exists between the protected activity and the adverse employment action. **See Pree v. Farmers Ins. Exch.,** 552 Fed. App'x 385, 388 (5th Cir. 2014); **Feist v. La. Dep't of Justice, Office of the Attorney Gen.,** 730 F.3d 450, 454 (5th Cir. 2013). For retaliation claims, adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting or compensating. **Allard v. Holder,** 494 Fed. App'x 428, 431 (5th Cir. 2012).

The Court finds that Plaintiff is unable to provide any evidence of such an ultimate employment decision occurring. Because she fails to establish the second element of the prima facie case, her retaliation claim fails as a matter of law.

### III. Conclusion

For the foregoing reasons, it is ORDERED that Defendant's motion for summary judgment be, and it is hereby, GRANTED.

It is further ORDERED that judgment be, and it is hereby, entered in favor of the Defendant, and that the Plaintiff take nothing by her suit.

SIGNED AND ENTERED this 1st day of September, 2015.

/s/ Harry Lee Hudspeth
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE